**SCHIFFMAN PUIG, P.C.**
ATTORNEYS AT LAW

Lisa Counters, 016436
4506 N 12th Street
Phoenix, AZ 85014-4246
Voice: (602) 266-2667
Fax: (602) 266-0141
Lisa@splaw.net
Attorney for Petitioner

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sandra Bonilla,<br><br>　　　　　　　　　　　Plaintiff,<br>vs.<br><br>Metropolitan Life Insurance Company; Raytheon Company Short Term Disability Basic Benefit Plan; Raytheon Company Long Term Basic Benefit Plan,<br><br>　　　　　　　　　　　Defendants. | No.<br><br>**COMPLAINT** |

For her claim against Defendants, Sandra Bonilla ("Bonilla") alleges as follows:

**PARTIES**

1.　Bonilla is a resident of Pima County, Arizona.

2.　Defendant Metropolitan Life Insurance Company ("MetLife") is a foreign insurer engaged in business in the State of Arizona. MetLife resides and is found within this District within the meaning of the jurisdiction and venue provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132 and 28 U.S.C. § 1391.

3.　Defendant Raytheon Company Short Term Disability Basic Benefit Plan ("STD Plan") is a purported ERISA benefit plan established and maintained by Raytheon Company for the benefit of its employees. Raytheon is the Plan Administrator.

4. Defendant Raytheon Company Long Term Disability Basic Benefit Plan ("LTD Plan") is a purported ERISA benefit plan established and maintained by Raytheon for the benefit of its employees.

5. MetLife is the claim administrator and is also a Plan Fiduciary as defined by 29 U.S.C. § 1002(21)(A).

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the STD Plan and LTD Plan by virtue of the provisions of ERISA 29 U.S.C. § 1132, and because the STD Plan, LTD Plan, and MetLife have caused events to occur in Arizona out of which Bonilla's claims arise.

7. This Court has jurisdiction over the subject matter of this action under ERISA, 29 U.S.C. § 1132(a), (e), 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 2201-02 (declaratory judgments).

8. Defendants reside and are found within this District within the meaning of the jurisdiction and venue provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132 and 28 U.S.C. § 1391.

9. The STD Plan's and LTD Plan's benefits are paid for and administered by MetLife.

10. MetLife is the Claim Administrator and is a Plan Fiduciary as defined by ERISA for the STD Plan and LTD Plan.

11. Raytheon self-funds the STD Plan.

12. The LTD plan is funded by the purchase of an insurance policy by Raytheon from MetLife.

## GENERAL ALLEGATIONS

13. Raytheon provided certain employees with STD benefits pursuant to the STD Plan.

14. Under the terms of the STD Plan, Bonilla is entitled to benefits for 10 weeks if she is found to be fully disabled as defined by the Plan to mean that, due to an Injury or

Sickness, which is not covered by an applicable workers' compensation statute a Participant: (i) is under the regular care and attendance of a Doctor; and (ii) is unable to perform all of the essential elements of such Participant's regular job with reasonable accommodations.

15. The STD Plan benefits end on the date Bonilla reaches the maximum duration of coverage under the STD Plan (10 weeks).

16. The STD Plan has an elimination period of six weekdays from the first date of absence from work before filing a claim for STD benefits.

17. The STD Plan requires that Bonilla be under the ongoing care of a physician in order to be qualified to receive STD benefits.

18. At all relevant times, Bonilla was a Raytheon employee, became a covered individual under the Plan, and remained continuously employed until her disability rendered her unable to work in her regular occupation as a Principal Systems Engineer no later than January 6, 2015.

19. The material and substantial duties of Bonilla's occupation that she was unable to perform, include, but are not limited to:

- Ability to work a regular, 40 plus hour work week;
- Ability to develop new algorithms on a computer;
- Ability analyze data on a computer;
- Ability to solve complex problems.

20. Bonilla was diagnosed with Stevens-Johnson Syndrome ("SJS"), Bipolar I Disorder and hypothyroidism, and rapid tapering off of certain medications.

21. Bonilla became disabled no later than January 6, 2015 and remains disabled from her own occupation as a Principal Systems Engineer.

22. Her physical and mental conditions render Bonilla unable to perform the material and substantial duties of her regular occupation.

23. MetLife initially denied Bonilla's STD claim on March 9, 2015. Bonilla submitted additional records and statements from her physicians and declarations from friends and family describing Bonilla's functional impairment.

24. Bonilla is entitled to 75% of her predisability earnings per month in short-term disability benefits no later than January 6, 2015 for the 10-week duration of STD benefits. At the time of Bonilla's disability she was earning approximately $119,288.00 annually.

25. Bonilla is entitled to a weekly STD disability benefit in the amount of $1,720.50 from January 6, 2015 through March 17, 2015.

26. Bonilla continued to be disabled after March 17, 2015, at which time she would have been eligible for long-term disability benefits under the STD Plan.

27. Bonilla asked that her claim be considered for benefits under the LTD Plan. Bonilla provided proof of her disability and provided MetLife with completed claim forms signed by her physicians, extensive medical records, as well as declarations from family and friends regarding the limitations to her activities of daily living.

28. Bonilla submitted her appeal to the STD Plan on November 5, 2015.

29. MetLife issued its final denial on behalf of the STD Plan on December 24, 2015.

30. Bonilla has satisfied all of the jurisdictional prerequisites to filing a claim in federal court.

## COUNT I
## FAILURE TO PAY PLAN BENEFITS

31. Bonilla incorporates and re-alleges all previous allegations.

32. Bonilla became disabled in January 2015 and continued to be disabled for the full 10 weeks of STD benefit eligibility, through March 17, 2015. Bonilla is owed $17,205.00 in STD benefits.

33. Bonilla continues to be disabled as defined by the LTD Plan.

34. MetLife has improperly denied her STD benefits in breach of the Policy. This breach was arbitrary, capricious, an abuse of discretion, not supported by substantial evidence, and was clearly erroneous.

35. Pursuant to the coverage provided in the Policy, to ERISA 29 U.S.C. § 1132(a)(1)(B), and to applicable federal and state common law, Bonilla is entitled to recover all benefits due under the terms of the Policy, and to enforce her rights under its terms. Bonilla is further entitled, pursuant to ERISA 29 U.S.C. § 1132(a)(1)(B) and to the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, to clarification in this action in this Court of her rights to future benefits under the Policy.

36. Pursuant to 29 U.S.C. § 1132(g), Bonilla is entitled to recover her attorneys' fees and costs incurred herein from Lincoln.

37. Bonilla is entitled to prejudgment interest at the highest legal rate on the benefits to which she is entitled under A.R.S. § 20-462.

## COUNT II
## DECLARATORY RELIEF

38. Bonilla incorporates all previous allegations.

39. To qualify for benefits under the LTD Plan, on information and belief, Bonilla must be disabled for the term of his STD benefits, i.e., 10 weeks.

40. To qualify for LTD benefits, Bonilla must be unable to perform the essential elements of her job. After 18 months of LTD benefits, Bonilla must be unable to work at any job for which she is reasonably qualified by training, education and experience.

41. Bonilla continues to be disabled under the terms of the LTD Plan.

42. Bonilla is entitled to LTD benefits of 60% of her base monthly earnings, or $5,964.40 per month in LTD benefits.

43. Bonilla is entitled to a declaration from the Court that she was disabled for the entire 10-week term of her STD Benefits.

44. Because MetLife did not pay Bonilla her STD benefits, she was never able to file a claim for benefits under the LTD Plan.

45. Bonilla seeks an order from the Court finding that Bonilla exhausted her STD claims and remanding the case to MetLife to consider Bonilla's claim for LTD benefits under the LTD Plan.

WHEREFORE, Bonilla prays for entry of judgment against Defendants as follows:

A. For all past and future benefits due to Bonilla under the terms of the Policy;

B. Enforcing Bonilla's rights under the terms of the Policy;

C. Clarifying and determining Bonilla's rights to future benefits under the terms of the Policy;

D. A declaration finding that Bonilla was disabled for the entire STD benefit period;

E. An order remanding Bonilla's claim to MetLife to consider her eligibility for long-term disability benefits;

F. For an award of Bonilla's attorneys' fees and costs incurred herein;

G. For an award of prejudgment interest on benefits and damages at the highest legal rate until paid; and

H. For such other and further relief as the Court deems just and reasonable.

Dated this 2nd day of November 2016.

SCHIFFMAN PUIG, P.C.


By: /s/ Lisa J. Counters
 Lisa J. Counters